IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


KENNETH SIERRA,

        Plaintiff,                    CV F 01 5131 AWI  WMW PC

        vs.                        ORDER DISMISSING
                                  THIRD AMENDED COMPLAINT
                                  WITH LEAVE TO AMEND

CAL TERHUNE, et al.,

        Defendants.


Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the June 8, 2007, third amended complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at CSP Corcoran, brings this civil rights action against unspecified officials employed by the CDCR.

The third amended complaint on which this action proceeds consists of 99 pages of rambling narrative, detailing the history of Plaintiff's medical care at various prisons over the years.  Plaintiff refers to numerous individuals in the complaint, but fails to specifically list individual defendants.  Though plaintiff labels some of his paragraphs with the phrase "ground for relief," the court can not discern specific claims.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Rule 8(a) of the Federal Rules of Civil Procedure calls for a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need only give the opposing party fair notice of a claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Id. at 47.

Plaintiff's complaint is not in compliance with section 1983 linkage requirements or Rule 8(a), because it does not consist of a short and plain statement of plaintiff's claims, and it does not provide each defendant with fair notice of what that defendant did or did not do that allegedly violated plaintiff's rights.  At 99 pages, plaintiff's complaint is much longer than it needs to be, and it does not separate out each of plaintiff's claims against each defendant.  In addition, plaintiff's complaint contains allegations concerning individuals who are not named in the complaint as defendants and fails to contain any allegations at all against some of the individuals

1   who are named as defendants in the complaint.

2       The court will provide plaintiff with an opportunity to file an amended complaint curing

3   these deficiencies.  In amending his complaint, plaintiff is informed that his allegations should

4   not be lengthy or overly-detailed.  Rather, as previously stated, plaintiff need only set forth

5   enough facts so that each defendant is on notice as to what he or she did or did not do that

6   plaintiff believes violated his rights.

7       The court finds that plaintiff's complaint must be dismissed, with leave to amend, for

8   failure to comply with the linkage requirements of section1983 and for failure to comply with

9   Rule 8(a).  The court has provided plaintiff with the legal standards that appear to be applicable

10  to his claims and will provide plaintiff with the opportunity to file an amended complaint.  In

11  drafting his amended complaint, plaintiff is cautioned that it is his responsibility to organize his

12  complaint so that defendants and the court can readily ascertain which claims plaintiff is

13  pursuing against which defendants.

14      Finally, plaintiff is advised Local Rule 15-220 requires that an amended complaint be

15  complete in itself without reference to any prior pleading.  As a  general rule, an amended

16  complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).

17  Once plaintiff files an amended complaint, the original pleading no longer serves any function in

18  the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the

19  involvement of each defendant must be sufficiently alleged.

20      Accordingly, IT IS HEREBY ORDERED that:

21          1.  The thid amended  complaint is dismissed, with leave to amend;

22          2.      The Clerk's Office shall send plaintiff a complaint form;

23          3.      Within thirty (30) days from the date of service of this order, plaintiff shall

24              file a fourth amended complaint;

25          4.      The failure to file an amended complaint that complies with this order may

26

3

result in an order striking the amended complaint from the record; and

5.     The failure to file an amended complaint will result in a recommendation that this action be dismissed, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

**Dated:     February 11, 2008**                    _____/s/  **William M. Wunderlich**_____
                                                              UNITED STATES MAGISTRATE JUDGE