IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH A. SIERRA,

       Plaintiff,           CV F 01 5131 AWI WMW PC

  vs.                          FINDINGS AND RECOMMENDATION

CAL TERHUNE, et al.,

       Defendants.

     Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On May 21, 2008, an order was entered, addressing Plaintiff's motion for leave to file an amended complaint. In that order, the court noted the following.

     On May 6, 2008, findings and recommendations were entered, recommending dismissal of this action for failure to state a claim. In his fourth amended complaint, Plaintiff failed to allege facts sufficient to state a claim for relief. In this action, Plaintiff has sought, and has been granted, numerous extensions of time to file amended pleadings. The current motion for extension of time, filed on May 19, 2008, consists of a litany of grievances regarding the conduct of correctional officials. Plaintiff seeks a 60 day extension of time.

     In the May 21, 2008, order, the court found that Plaintiff had not shown good cause for a 60 day extension of time. The amended complaint in which this action proceeds was dismissed

1

for failure to allege sufficient facts to state a claim for relief. Plaintiff's requests for extension of time typically set forth factual allegations. Plaintiff was advised that original legal research was not necessary in order to correct the deficiencies identified in the order dismissing the fourth amended complaint. Plaintiff was specifically advised that he must file an amended complaint that corrected the deficiencies identified in the February 12, 2008, order dismissing the fourth amended complaint. Plaintiff was also re-served a copy of the February 12, 2008, order.

Plaintiff was specifically advised that he would not be granted any further extensions of time. Plaintiff was advised that should he fail to file a fifth amended complaint, the court would recommend dismissal of this action. Plaintiff has not filed a fifth amended complaint.

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a

court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.  Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424.

Accordingly, the court HEREBY RECOMMENDS that this action be dismissed for plaintiff's failure to obey a court order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636 (b) (1).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

1  IT IS SO ORDERED.

2  **Dated:      June 24, 2008**                      **/s/  William M. Wunderlich**
                                                     UNITED STATES MAGISTRATE JUDGE

4