IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALAN SIERRA,

    Plaintiff,                  1:01 cv 05131 AWI YNP GSA (PC)

  vs.                           ORDER TO SHOW CAUSE

CAL TERHUNE, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

      Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran.

      The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury." 28 U.S.C. §

1   1915(g).

2       This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of his confinement. In an order entered in the U.S. District Court for the Northern District of California on January 13, 2000, the court found that in the three years prior, Plaintiff "has filed at least eight pro se prisoner actions dismissed by this court on the ground that they are frivolous, malicious, or fail to state a claim upon which relief may be granted." See, e.g. Sierra v. Terhune, slip op. no. C 98-809 MHP (N.D. Cal. July 28, 1998)(Order of Dismissal); Sierra v. Gomez, slip. op. no. C 97-3336 MHP (N.D. Cal. Dec. 23, 1997)(same); Sierra v. Gomez, slip. op. no. C-970939 MHP (N.D. Cal. June 2, 1997)(same).

    The most recent pleading in this case, the June 8, 2007, third amended complaint, consists of 99 pages of rambling narrative, detailing the history of Plaintiff's medical care at various prisons over the years. Plaintiff refers to numerous individuals in the complaint, but fails to specifically list individual defendants. The complaint does not allege facts that satisfy 28 U.S.C. § 1915(g). Plaintiff is therefore not entitled to proceed in forma pauperis.

    Accordingly, IT IS ORDERED that Plaintiff show cause, within thirty days, why he his in forma pauperis status should not be revoked, and Plaintiff be directed to pay the filing fee in full.

IT IS SO ORDERED.

    Dated:   **July 30, 2009**             /s/ **Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE