IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH ALAN SIERRA,

    Plaintiff,                                1:01 CV 05131 AWI YNP GSA (PC)

    vs.                                         FINDINGS AND RECOMMENDATION

CAL TERHUNE, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff has submitted request to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

       Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Corcoran State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at CSP Corcoran.

       The Prison Litigation Reform Act provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in a facility, brought an action or appeal in a court of the United States that was dismissed on the ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious injury."

1   This plaintiff has, on 3 prior occasions, brought civil actions challenging the conditions of
2   his confinement.  In an order entered in the U.S. District Court for the Northern District of
3   California on January 13, 2000, the court found that in the three years prior, Plaintiff has "filed at
4   least eight <u>pro se</u> prisoner actions dismissed by this court on the ground that they are frivolous,
5   malicious, or fail to state a claim upon which relief may be granted."  <u>See, e.g.</u> <u>Sierra v. Terhune</u>,
6   slip op. no. C 98-089 MHP (N.D. Cal. July 28, 1998 (Order of Dismissal); <u>Sierra v. Gomez</u>, slip.
7   op. no. C 97-3336 MHP (N.D. Cal. Dec. 23, 1997)(same); <u>Sierra v. Gomez</u>, slip. op. no. C-97
8   0939 MHP (N.D. Cal. June 2, 1997)(same).

9   The Court noted that in the most recent pleading in this case, Plaintiff failed to allege
10  facts that satisfied the requirements of 28 U.S.C. § 1915(g).  Plaintiff detailed the history of his
11  medical care at various prisons over the years, but failed to specifically list individual defendants
12  or charge any specific individual defendant with conduct.  Plaintiff was advised that he is not
13  entitled to proceed in forma pauperis.

14  According, on July 30, 2009, Plaintiff was ordered to show cause why he should not be
15  denied leave to proceed in forma pauperis.  Plaintiff was granted an extension of time to
16  September 11, 2009, in which to file a response.  Plaintiff has not filed a response to the order to
17  show cause.

18  Accordingly, IT IS HEREBY RECOMMENDED that:

19  1. Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. §
20  1915(g).

21  2. Plaintiff be directed to submit the filing fee, in full, within thirty days.  Failure to do so
22  would result in dismissal pursuant to Local Rule 11-110 for failure to prosecute.

23  These findings and recommendations are submitted to the United States District Judge
24  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
25  after being served with these findings and recommendations, any party may file written
26

1  objections with the court and serve a copy on all parties.  Such a document should be captioned
2  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
3  shall be served and filed within ten days after service of the objections.   The parties are advised
4  that failure to file objections within the specified time waives all objections to the judge's
5  findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
6  objections within the specified time may waive the right to appeal the District Court's order.
7  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12         Accordingly, IT IS ORDERED that Plaintiff show cause, within thirty days, why
13  he his in forma pauperis status should not be revoked, and Plaintiff be directed to pay the filing
14  fee in full.

16      IT IS SO ORDERED.
17      **Dated:**   **September 15, 2009**              **/s/ Gary S. Austin**
                                                    UNITED STATES MAGISTRATE JUDGE