# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ALAN SIERRA, | NO. 1:01 cv 05131 AWI GSA PC |
| Plaintiff, | ORDER ADOPTING FINDINGS & RECOMMENDATIONS AND REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS |
| v. | |
| CAL TERHUNE et al., | ORDER DIRECTING PLAINTIFF TO SUBMIT FILING FEE |
| Defendants. | Document # *254* |

     Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

     On September 16, 2009, findings and recommendations were entered, recommending that Plaintiff's in forma pauperis status be revoked pursuant to 28 U.S.C § 1915(g), and Plaintiff be directed to submit the $350 filing fee in full. Plaintiff was provided an opportunity to file objections within thirty days. On October 21, 2009, Plaintiff filed objections to the findings and recommendations.

     In his objections, Plaintiff relates difficulties he had in obtaining copies of documents from the law library. Plaintiff indicates that there was a delay in returning documents that he sent for copies. (Obj. 2:3-4.) Plaintiff also refers to allegations that custodial staff have illegally removed a mechanical bed from his cell under threat of physical force. (Obj. 2:18-19.) This followed Plaintiff's removal from the Acute Care Hospital and return to cell housing. Plaintiff appears to disagree with the decision to release him from the Acute Care Hospital. Plaintiff appears to argue that the denial of a mechanical bed in his cell subjects him to cruel and unusual

1  punishment.   Plaintiff does not allege any specific facts, or charge any named defendant with any
2  conduct indicating that they knew of and disregarded a serious medical condition of Plaintiff's,
3  resulting in injury to Plaintiff.
4       Plaintiff sets forth generalized complaints regarding third party obstruction, and his
5  inability to meet court deadlines due to interference by correctional officials in Plaintiff's
6  attempts to prosecute this action.   Plaintiff makes a nonsensical argument that "this plaintiff has
7  come across a unification of staff lead by J.E. Johnson or J.K. Clark into imposing 'cynically'
8  applied deprivations and obstructions causing delay, denial of due process of correct ordinance of
9  the operation of a prison's matrix, to enable the strategic undue obstructions."  (Obj. 6:1-6.)
10      The balance of Plaintiff's objections is taken up with  fanciful allegations that Plaintiff is
11 being "targeted" for his ownership of "Nike Company."   Plaintiff contends that efforts are being
12 made to access and remove funds from a corporate account.   Plaintiff alleges that "there is
13 outstanding evidence in this owner/plaintiffs possession that an employee at Nike has familiarity
14 with said banker that provides a seeming authority in which to withdraw funds illegally without
15 this owner/plaintiffs consent, to include a corrupt collusion with J.E. Johnson, R. Johnson, J.
16 Anderson, and other to obstruct communications under pretense of security necessity."  (Obj.
17 6:24-7:2.)
18      Plaintiff also filed an untimely response to the order to show cause on the same date that
19 he filed his objections.   The response consists of 75 handwritten pages, along with 75 pages of
20 exhibits.   The first 20 pages of the response are styled as arguments.   Plaintiff labels the balance
21 of the response as points and authorities.
22      In his response, Plaintiff contends that he is subject to imminent danger, but sets forth
23 vague allegations.  Plaintiff alleges that he has "complained of death threats by subject suspects
24 escapees A. Lopez, J. McGrath, Jourden, Labans, Faustos, and others each an employee and each
25 out of Madera Ca following escape from insane asylum in Texas, are unified in secret in
26 California."  (Resp. 3:2-4.)   Plaintiff refers to "death threats inflicted by staff," specifically

2

referring to an attack upon him at Pelican Bay State Prison.  Plaintiff refers to a case filed in the Northern District, Sierra v. Terhune, 98-809 MHP.  Plaintiff specifically alleges that the case was filed as "a direct result of two attacks at another prison thereafter.  The first attack, subject suspects refused to isolate this Plaintiff after being informed that threats had motives.  See page three.  The staff involved had been cited as escapees."  (Resp. 4:5-7.)   In that case, an order was entered, dismissing the action as "factually frivolous and without leave to amend." (Order of August 4, 1998.)    Plaintiff appears to disagree with the finding that he did not allege facts that stated a claim for relief in that case.  Plaintiff alleges that the U.S. District Judge in that case was "in communications" with various individuals and the "Security Branch," and "downplayed information within complaints that led to citing that relief could not be granted."  (Resp. 4:11.)

      Plaintiff again raises the allegation that he was released from the Acute Care Hospital into the general population.  (Resp. 5:4.)  Plaintiff clearly states his belief that "attacks would follow until Plaintiff is killed," and therefore he meets the imminent danger exception.  Plaintiff appears to argue that the pattern of conduct regarding his medical care over the years constitutes an imminent danger.  (Resp. 6:2.)  Plaintiff refers to an allegation of excessive force while he was being moved from his bed into a wheelchair.  Plaintiff does not identify the officers involved or the date of the incident. (Resp. 7:4.)

      Plaintiff refers to an abrupt change in psychiatric treatment needed."  Rather than point the court to specific instances of conduct by Defendants, Plaintiff alleges that

> "the abrupt change in psychiatric treatment need, stemmed off of objections by nurse Sanchez, Gorma, Johnson and Psychiatrist Solimen each from Madera Ca, as was reported, subject, suspect, I E Johnson, Joe McGrath, J. Jackson, others have targeted Nike businesses, while they were members as (1989), spokespersons of Nike, when the owner was incarcerated.  Each a member of the Department of Corrections.  Each original from Madera, Ca, within this time span.

(Resp. 7:20-25.)    Plaintiff refers to a "barrage of attacks" in "physical challenges to fist fight, psychiatric labels, block on programs books, newspapers, news, security agent in charge J. E.

3

Johnson in 1984." (Resp. 8:8-10.)

Plaintiff also refers to the potential for harm. Specifically, Plaintiff allege that

> This Plaintiff three times on A yard where a physical attack twice with weapons could be achieved, shows abnormal supervisory dexterity to override safety need in which to utilize authority under color of state law, to enforce placement in those areas of attack potential. The elements described on page three herein, has grounded the motive into applied supervisory dexterity, during those attacks up to the deliberate mismanagement inflicted upon this Plaintiff. There is evidence as well of specific employees being retained in housing areas of this plaintiff, ever after being reported to have fabricated reports, and observations.

(Resp. 11:10-19.)

Plaintiff continues to assert the argument that depriving him of a mechanical bed in his cell constitutes imminent danger. The balance of the argument portion of Plaintiff's response restates, in different forms, the central allegations that Plaintiff was deprived of a mechanical bed in his cell and that he has been subjected to unspecified threats and harassment. Plaintiff refers to a cycle of violence at CSP Corcoran, but alleged no specific conduct as to any named defendant. Plaintiff indicates that he may be able to address the court's concern by amendment of the complaint. Plaintiff refers to earlier orders regarding the rambling nature of Plaintiff's allegations.

This action proceeds on the fourth amended complaint. The fourth amended complaint consists of 63 pages of narrative, naming 162 individual defendants. The fourth amended complaint, as noted in the July 30, 2009, order to show cause, does not set forth factual allegations that satisfy 28 U.S.C. § 1915(g). The gravamen of Plaintiff's fourth amended complaint appears to be a disagreement with the decision to discharge Plaintiff from the Acute Care Hospital and the denial of Plaintiff's request for a mechanical bed in his cell.

In his 53 page memorandum of points and authorities, Plaintiff continues the line of argument in the response. Plaintiff recounts a detailed history of his medical care over the years, and repeats his delusion that he is the owner of Nike Corporation. Plaintiff contends that

Defendants are frustrating his ability to communicate with his employees.[1]  Plaintiff attaches to his response approximately 75 pages of exhibits, consisting of documents from Plaintiff's medical record.  Plaintiff also submits documentation regarding an appeal of a guilty finding on a serious rules violation for threatening staff.

Plaintiff essentially argues that the imminent danger standard in 28 U.S.C. § 1915(g) is met in this case because Plaintiff has, in his words, " provided information to the courts that there is record available and that under the circumstances of evidence of said record in history, a motive is established that this Plaintiff is under an immediate threat of harm, death, by subject, suspects, escapees."

In <u>Andrews v. Cervantes</u>, 493 F.3d 1047 (9th Cir. 2007), the Ninth Circuit adopted the view that "requiring a prisoner to 'allege [ ] an ongoing danger' - the standard adopted by the Eighth Circuit - is the most sensible way to interpret the imminency requirement." <u>Id</u>. at 1056, citing <u>Ashley v. Dilworth</u>, 147 F.3d 715, 717 (8th Cir. 2003).  <u>Andrews</u> held that the imminent danger faced by the prisoner need not be limited to the time frame of the filing of the complaint, but may be satisfied by alleging a danger that is on-going.  Plaintiff therefore correctly argues that he can satisfy the imminent danger exception by alleging an on-going threat.

Where Plaintiff fails, however, is that he fails to allege facts indicating that he is under danger of a specific threat.  The plaintiff in <u>Andrews</u> alleged facts indicating a particular threat. In that case, the plaintiff alleged that the threat he faced from contagious diseases violated the Eighth Amendment prohibition against cruel and unusual punishment.  The plaintiff in <u>Andrews</u> recounted

> that during his time at Solano he had been 'placed in close

---

[1] A typical allegation follows: "This Plaintiff has made every effort to contact his employees at Nike, writing family members to contact local police to accompany them to Nike outlet in El Paso Texas based upon subject, suspect. J. E. Johnson falsely alleging he owns Nike outlet there, and illegally taking the liberty to cut down three trees on property at store. Brought by the Plaintiff known as carate park to signify ku klux klan marred the park. A denial was expected, but none the less, statements support belief to the extent, termination of employment at Nike." (Resp. P. 73.)

>proximity with inmates the institution knew or should have know would or could infect me with the disease.' Andrews detailed that during the previous six months, he had been housed with five inmates with contagious disease - two infected with HIV/AIDS, two infected with Hepatitis C, and one infected with Heliobacter pylori. He noted that "[c]urrently, there is an epidemic of Hepatitis C at Solano yet there are no steps taken to prevent further spread of the disease. And he alleged that prison officials failed to act after he raised these health concerns.
>
>The complaint recounted in detail the reason why these contagious inmates posed a danger: The very close quarters in prison cells, the communal toilets, and the fact that inmates, even without permission, use their cellmates' personal hygiene items, including toothbrushes and razors, mean that 'it is quite possible,' according to Andrews, that communicable diseases can be transferred to non-infected inmates if inmates with communicable diseases are not segregated.

Andrews, 493 F.3d at 1050. Andrews went on to allege that he had contracted tuberculosis while in another California prison in 1987 and likely had contracted some disease while in Solano that caused painful lumps to develop on his thighs. Id.

Here, Plaintiff fails to allege facts indicating that a specific defendant knew of harm to Plaintiff, and disregarded it, causing some injury to Plaintiff. Plaintiff alleges no facts indicating that any of the 162 defendants are subjecting him to imminent injury. Plaintiff's fear appears to be based upon a threat by unidentified "subject suspect escapees" from an insane asylum in Texas. Other than a denial of a mechanical bed and a disagreement with his discharge from the Acute Care Hospital, Plaintiff does not specifically charge any defendant with conduct suggesting that he is in imminent danger of serious physical injury. As noted above, Plaintiff suffered his three "strikes" within the meaning of 28 U.S.C. § 1915(g) in 1997 and 1998.[2]

Further, Plaintiff's subjective belief that he is in danger of physical injury is not supported

---

[2] In an order entered in the Northern District in Sierra v. Terhune, et al., 3:99-cv-05288 WHA, the court found that "because Plaintiff has had three or more prior dismissals and is not under imminent danger of serious physical injury, this action is dismissed without prejudice to bringing the claims in a paid complaint." (Order of January 13, 2000.) The court may take judicial notice of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 635 n. 1 (N.D. Cal. 1978), aff'd, 645 F.2d 669 (9th Cir.), cert. denied, 454 U.S. 1126 (1981).

by specific factual allegations.  The U.S. Supreme Court, in addressing the pleading standards set forth in Bell Atlantic Cor. v. Twombly, 550 U.S. 544 (2007),  has recently held that

> Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'  '[D]etailed factual allegations' are not required, Twombly, 550 U.S., at 555, 127 S.Ct. 1955, but the Rule does call for sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face,' id., at 570, 127 S.Ct. 1955.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1940 (2009).    Though Plaintiff does clearly articulate his subjective fear that he fears for his safety, he has not alleged any facts that satisfy the standard set forth in 28 U.S.C. § 1915(g).  Plaintiff's references to a conspiracy by "subject suspect escapees" is simply not plausible.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73-305, this court has conducted a de novo review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly, THE COURT HEREBY ORDERS that:

1. The Findings and Recommendations issued by the Magistrate Judge on September 16, 2009, are adopted in full; and

2. Plaintiff's in forma pauperis status is revoked pursuant to 28 U.S.C. § 1915(g).

3. Plaintiff must submit the $350 filing fee, in full, within thirty days of the date of service of this order.  Plaintiff's failure to do so will result in dismissal of this action for failure to obey a court order pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:     May 12, 2010                             /s/ Anthony W. Ishii
                                            CHIEF UNITED STATES DISTRICT JUDGE