**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KENNETH SIERRA,<br><br>        Plaintiff,<br><br>    v.<br><br>CAL TERHUNE, et al.,<br><br>        Defendants. | NO. 1:01-cv-05131-AWI-GSA-PC<br><br>ORDER RE MOTIONS<br><br>(Docs. 264, 265, 266) |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court are Plaintiff's motions for an extension of time to file objections, to reconsider the order of May 12, 2010 and for an order producing legal records.

      On May 12, 2010, an order was entered, adopting the findings and recommendations of the Magistrate Judge that Plaintiff be denied leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g) and Plaintiff be directed to submit the $350 filing fee for this action.  On June 1, 2010, Plaintiff filed a Notice of Appeal of the May 12, 2010, order, along with his motions for an extension of time, to reconsider and for the court to order production of legal records.

      As to Plaintiff's motion for an extension of time to file objections to the order of May 12, 2010, Plaintiff filed a motion for reconsideration of the May 12, 2010, order (Doc. 265).   Since the motion has been filed and is before the Court, the motion for extension of time is therefore moot.

As to Plaintiff's motion for reconsideration, the Court finds the motion to be without merit. Plaintiff's motion, in its entirety, follows: "Comes now, Plaintiff Kenneth Alan Sierra. D-00119, in the above cause of action and hereby moves the Court for an order of reconsideration, review, of the order of May 12, 2010, allowing (ifp) in forma pauperis status. See Declaration Affidavit of 5-13-10." A review of the docket reveals that there have been no submissions by Plaintiff since May 12, 2010, other than the motions referred to in this order and the notice of appeal.

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. The rule permits a district court to relieve a party from a final order or judgment on the grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (3) fraud . . . of an adverse party, . . . or (6) any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983)(en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988). The Ninth Circuit has held that "[c]lause 60(b)(6) is residual and 'must be read as being exclusive of the preceding clauses.'" LaFarge Conseils et Etudes, S.A. v. Kaiser Cement, 791 F.2d 1334, 1338 (9th Cir. 1986), quoting Corex Corp. v. United States, 638 F.2d 119 (9th Cir. 1981). Accordingly, "the clause is reserved for 'extraordinary circumstances.'" Id.

///
///
///
///

Plaintiff makes no attempt to set forth any argument as to why the Court should reverse the decision of May 12, 2010. Plaintiff makes no factual argument, and proffers no legal authority supporting his motion. A mere disagreement with a ruling is not a ground for reconsideration. The issue in this case is clear - Plaintiff has not alleged facts that satisfy the standard set out in 28 U.S.C. § 1915(g), and is therefore ineligible to proceed in forma pauperis. Plaintiff has failed to make any showing as to why this should not be the case. The motion for reconsideration should therefore be denied.

As to Plaintiff's motion for production of legal records, the Court finds the motion to be a rambling statement that fails to specify any relief the Court can provide. Plaintiff appears to seek an order identifying the documents upon which the Court based its ruling. The motion, in its entirety, follows:

> Comes now, Plaintiff Kenneth Alan Sierra, D-00119, in the above cause of action, and hereby moves the court for an order pursuant to Federal Rules Civil Procedure 8 and 9, the production of valid source of information [legal record] utilized by the court, showing removal of personal property and its conversion to corporate business to render a conveyance that this plaintiff is delusional to claim ownership of his private property Nike Enterprises, business [shoe company] forcing an undue state of mind. That said record include: a. date, jurisdiction judges name of court hearing, b. case number and evidence Plaintiff attended, c. court order that private property was forced to convert to corporate business without owner consent."

Plaintiff continues to assert his ownership of Nike.[1] Plaintiff appears to take issue with the Court's finding that such an allegation fails to satisfy the imminent danger exception set out in 28 U.S.C. § 1915(g). The Court based its May 12, 2010, ruling on the facts as alleged by Plaintiff, and determined that Plaintiff failed to allege facts indicating that he was in imminent danger of serious injury, and thus is not entitled to proceed in forma pauperis. 28 U.S.C. § 1915(g). There were no documents referred to outside the pleadings. Plaintiff is therefore not

---

[1] In the May 12, 2010, order, the Court referred to Plaintiff's allegation that he is the owner of Nike and that the defendants in this action were frustrating Plaintiff's ability to communicate with his employees and manage the company.

1 | entitled to the relief that he seeks.

2 |     Accordingly, IT IS HEREBY ORDERED that Plaintiff's motions for an extension of time
3 | to file objections, for reconsideration of the May 12, 2010, order and for the production of legal
4 | documents are denied.

6 | IT IS SO ORDERED.

8 | Dated:   September 15, 2010                                            
                                                  CHIEF UNITED STATES DISTRICT JUDGE

4